MARK K. ANDERSON, JR.,

    Petitioner,

    v.                                                       Case No. 23-CV-626-SCD

MICHAEL GIERACH,

    Respondent.

## DECISION AND ORDER
## GRANTING THE RESPONDENT'S MOTION TO DISMISS

Mark Anderson challenges his 2018 Wisconsin convictions for sexual assault and incest. Despite having his state appellate rights reinstated, Anderson never filed a post-conviction motion or a direct appeal. He did try filing a state petition for a writ of habeas corpus, but the Wisconsin Court of Appeals dismissed that petition because it did not comply with the length and formatting requirements for such filings and because Anderson did not re-file a conforming petition. Anderson then filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 in federal district court. The respondent has moved to dismiss the petition, arguing that Anderson's claims are procedurally barred and that the entire petition is untimely. Because Anderson procedurally defaulted his claims and has failed to show an excuse for that default, I will grant the respondent's motion, deny Anderson's petition, and dismiss this action.

### BACKGROUND

In 2018, a Wisconsin jury convicted Anderson of repeated sexual assault of the same child and incest with a child. *See* Pet. 1, ECF No. 1. Anderson's appointed lawyer did not file

a post-conviction motion or a direct appeal. *See* Respt's Br. Ex. 1, ECF No. 14-1. The Wisconsin Court of Appeals subsequently reinstated Anderson's appellate rights and gave him sixty days from the appointment of successor counsel to file an appeal. *See* Respt's Br. Ex. 2, ECF No. 14-2; Respt's Br. Ex. 4, ECF No. 14-4. Anderson was appointed new counsel, but again, he did not file a post-conviction motion or a notice of appeal. *See* Ex. 1, at 2; *see also* Respt's Br. Ex. 3, ECF No. 14-3.

Proceeding without the assistance of counsel, Anderson later filed a petition for a writ of habeas corpus in the Wisconsin Court of Appeals (referred to in Wisconsin as a *Knight* petition). *See* Respt's Br. Ex. 5, ECF No. 14-5. The court of appeals informed Anderson that his petition did not comply with the court's length and formatting requirements and gave Anderson time to file a compliant petition. *See id.*; *see also* Respt's Br. Ex. 6, ECF No. 14-6. The court also warned Anderson that failure to comply with those rules was grounds for dismissal. Ex. 6, at 1. After Anderson failed to file a replacement petition by the new deadline, the court dismissed the petition for failure to comply with procedural rules. The Wisconsin Supreme Court subsequently denied Anderson's petition for review. *See* Ex. 5, at 1.

On May 17, 2023, Anderson filed a federal habeas petition alleging four potential grounds for relief: (1) ineffective assistance of trial counsel; (2) ineffective assistance of appellate counsel; (3) prosecutorial misconduct; and (4) police misconduct. *See* Pet. 6–8. The matter was reassigned to me after all parties consented to magistrate-judge jurisdiction under 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73(b). *See* ECF Nos. 4, 9, 10. Michael Gierach, the warden who had custody over Anderson when he filed this action, has moved to dismiss the petition. *See* Respt's Mot., ECF No. 13; Respt's Br., ECF No. 14. Anderson has submitted a

2

Case 2:23-cv-00626-SCD   Filed 05/23/24   Page 2 of 7   Document 23

brief opposing the motion, *see* ECF No. 19, and Gierach has filed a reply brief, *see* ECF No. 20.

## DISCUSSION

Gierach first argues that the petition should be dismissed because all of Anderson's claims are procedurally defaulted. The procedural default doctrine generally precludes a federal court from reaching the merits of a habeas claim when either (1) "the claim was not presented to the state courts and it is clear that those courts would now hold the claim procedurally barred" or (2) "that claim was presented to the state courts and the state-court ruling against the petitioner rests on adequate and independent state-law procedural grounds." *Perruquet v. Briley*, 390 F.3d 505, 514 (7th Cir. 2004) (citations omitted). A state-law procedural ground "is adequate if it is 'firmly established and regularly followed as of the time when the procedural default occurred.'" *Triplett v. McDermott*, 996 F.3d 825, 829 (7th Cir. 2021) (quoting *Richardson v. Lemke*, 745 F.3d 258, 271 (7th Cir. 2014)). "It is independent of federal law if it does not depend on the merits of the petitioner's claim." *Id.* (citing *Stewart v. Smith*, 536 U.S. 856, 860 (2002) (per curiam)).

Anderson procedurally defaulted all the claims raised in his federal habeas petition. After the Wisconsin Court of Appeals reinstated his appellate rights, Anderson did not file a post-conviction motion or a direct appeal. He therefore did not fairly present his ineffective assistance of trial counsel claim or his misconduct claims through one complete round of review. Because Anderson did not file a post-conviction motion or a direct appeal, and because the time for filing an appeal has long passed, it is clear the state courts would now find those claims procedurally barred, as Anderson has not presented any reason why he failed to raise them earlier.

3

Anderson did file a *Knight* petition alleging several issues, including ineffective assistance of appellate counsel. The Wisconsin Court of Appeals, however, denied that petition because it did not comply with state procedural rules relating to the length and formatting of such filings and because Anderson failed to re-file a conforming petition. The court explicitly stated that it was dismissing the petition pursuant to Rule 809.83(2), which provides that failure to comply with a court order or with a requirement of state appellate rules is grounds for dismissal of the appeal.[1] Thus, the state court's ruling did not depend on the merits of Anderson's claims. That rule was also firmly established and regularly followed at the time of the court of appeals' decision. *See, e.g.*, *Raz v. Brown*, 2003 WI 29, ¶¶ 16–20, 660 N.W.2d 647, 652–53 (discussing sanctions authorized by Rule 809.83(2)). Accordingly, the state court rejected Anderson's appellate counsel claim on independent and adequate state-law grounds.

Notwithstanding his procedural default, Anderson can obtain federal review of the merits of his habeas claims if he "can show both cause for and prejudice from the default or can demonstrate that the . . . failure to consider the claim[s] would result in a fundamental miscarriage of justice." *Richardson*, 745 F.3d at 272 (citing *Bolton v. Akpore*, 730 F.3d 685, 696 (7th Cir. 2013)). He has not attempted to make either showing. Thus, I am precluded from reaching the merits of any of Anderson's federal habeas claims.

Gierach also argues that Anderson did not timely file his petition. The Antiterrorism and Effective Death Penalty Act of 1996 imposes a strict one-year period of limitation on state prisoners seeking collateral relief from federal court. *See* 28 U.S.C. § 2244(d). "That year runs from the latest of four specified dates, only one of which is relevant to this case." *Turner*

---

[1] Wis Stat. § (Rule) 809.51 outlines the procedural requirements for *Knight* petitions.

*v. Brown*, 845 F.3d 294, 296 (7th Cir. 2017). Under 28 U.S.C. § 2244(d)(1)(A), "a state prisoner must file a petition for a writ of habeas corpus within one year from the date on which his conviction became final, excluding the time that any 'properly filed' petition for state post-conviction or other collateral relief is pending." *Lloyd v. Vannatta*, 296 F.3d 630, 632 (7th Cir. 2002) (quoting 28 U.S.C. § 2244(d)(2)). For a petitioner who does not seek direct review in state court, his federal habeas clock starts running when the time for filing an appeal expires. *See Springer v. Benik*, 134 F. App'x 961, 962 (7th Cir. 2005) (citing *Farmer v. Litscher*, 303 F.3d 840, 845–46 (7th Cir. 2002)).

Gierach insists that Anderson's state conviction became final on March 22, 2022, when his reinstated appellate rights expired. However, the Wisconsin Court of Appeals granted Anderson several extensions of time to file a post-conviction motion or a notice of appeal. *See* Ex. 3. The last extension gave Anderson until August 29, 2022, to file his appeal. Because Anderson did not file anything by that date, his federal habeas clock began running the following day, giving him until August 29, 2023, to file a petition in federal court. *See Anderson v. Litscher*, 281 F.3d 672, 675 (7th Cir. 2002); *see also United States v. Marcello*, 212 F.3d 1005, 1008–10 (7th Cir. 2000) (adopting the anniversary method for determining the end of the one-year period for habeas petitions under 28 U.S.C. § 2255). Anderson filed his federal habeas petition on May 17, 2023—well within the one-year deadline.

After briefing on Gierach's motion to dismiss closed, Anderson filed a motion to reconsider the denial of recruited counsel. *See* Petr's Mot., ECF No. 21.[2] He asks the court to appoint him counsel so he can "get the proper papers" and "appeal properly." *Id.* at 2.

---

[2] The motion also asks to reconsider this matter so Anderson can "appeal on a higher level." Petr's Mot. 1. It's unclear what other matter Anderson hopes will get a second look. Until now, the only decision adverse to him has been the denial of recruited counsel.

Anderson, however, has not shown that he is "financially eligible" for counsel, *see* 18 U.S.C. § 3006A(a)(2),[3] or that he has made "a reasonable attempt to obtain counsel or been effectively precluded from doing so," *Eagan v. Dempsey*, 987 F.3d 667, 682 (7th Cir. 2021) (quoting *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007) (en banc)). Because Anderson has not satisfied those preliminary hurdles, I am not convinced that the appointment of counsel would serve the interests of justice in this case. *See* 18 U.S.C. § 3006A(a)(2)(B) ("Whenever the United States magistrate judge . . . determines that the interests of justice so require, representation may be provided for any financially eligible person who . . . is seeking relief under section . . . 2254.").

## CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Where a district court denies a habeas petition on procedural grounds, the petitioner must show both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 478 (2000) (emphasis added). Here, no reasonable jurist would find it debatable whether Anderson procedurally defaulted the claims raised in his federal habeas petition. I will therefore deny a certificate of appealability.

## CONCLUSION

For all the foregoing reasons, the court **GRANTS** the respondent's motion to dismiss petition for writ of habeas corpus, ECF No. 13; **DENIES** the petitioner's motion to reconsider, ECF No. 21; **DENIES** the petition for writ of habeas corpus pursuant to 28 U.S.C.

---

[3] Anderson was released on community supervision in January 2024. *See* ECF Nos. 11, 17, 18.

§ 2254 by a person in state custody, ECF No. 1; and **DISMISSES** this action. The court also **DENIES** the petitioner a certificate of appealability. The clerk of court shall enter judgment denying the petition and dismissing this action.

**SO ORDERED** this 23rd day of May, 2024.

_____
STEPHEN C. DRIES
United States Magistrate Judge