UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

MARK K. ANDERSON, JR.,

    Petitioner,

    v.                                                                                                                   Case No. 23-CV-626-SCD

MICHAEL GIERACH,

    Respondent.

### ORDER DENYING PETITIONER'S MOTION TO CONSIDER

Mark Anderson, a Wisconsin state prisoner, has filed a motion requesting additional time to file a response in this 28 U.S.C. § 2254 habeas case. *See* ECF No. 25. After Anderson filed his habeas petition in May 2023, *see* ECF No. 1, the respondent moved to dismiss it as procedurally barred, *see* ECF No. 13. Anderson filed a response to that motion, *see* ECF No. 19, and I considered his response. Ultimately, however, I granted the respondent's motion to dismiss. *See* ECF No. 23. Thus, there is nothing left for Anderson to respond to; his petition has been denied, and this action has been dismissed at the district-court level.

I will, however, construe Anderson's motion as a request for more time to file a notice of appeal. "A state prisoner must appeal from the denial of a habeas petition within 30 days of the judgment." *Perry v. Brown*, 854 F. App'x 725, 727 (7th Cir. 2021) (citing Fed. R. App. P. 4(a)(1)(A); Rule 11(b) of the Rules Governing Section 2254 Cases). The court, however, may extend the time to file a notice of appeal if the party files an extension motion no later than 30 days after the time for filing the notice expires and the party shows excusable neglect or good cause. Fed. R. App. P. 4(a)(5)(A).

Anderson's latest filing does not meet those requirements. The clerk of court entered judgment on May 24, 2024. *See* ECF No. 24. Thirty days after that date was June 23, 2024. But because June 23 was a Sunday, the notice of appeal was due the following day, Monday, June 24, 2024. *See* Fed. R. Civ. P. 6(a)(1). Anderson did not file this motion until June 11, 2025—nearly a year later, and well past the 30-day deadline. Anderson asserts that he is currently in the hospital underdoing a bone marrow transplant. Those serious circumstances, however, do not account for the lengthy gap in this case. Because Anderson did not file his motion within 30 days of the expiration of the time for filing a notice of appeal, this court has no authority to grant an extension of the time to file a notice of appeal. Accordingly, the court **DENIES** the petitioner's motion to consider, ECF No. 25.

**SO ORDERED** this 27th day of June, 2025.

_____
STEPHEN C. DRIES
United States Magistrate Judge